UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH BAKER,

    Plaintiff,

v.                              Case No.  5:20-cv-191-TKW/MJF

RAMOS, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se*, has filed a civil-rights action, pursuant to 42 U.S.C. § 1983, against two defendants: Calhoun County Sheriff Glenn Kimbrel and Calhoun County Deputy Sheriff Trevor Ramos. Plaintiff asserts that while he was a pretrial detainee, Defendants were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff's fourth amended complaint, however, does not contain sufficient factual allegations to state a facially-plausible claim. Because Plaintiff has failed to state a claim upon which relief can be granted, the District Court should dismiss the claims in Plaintiff's fourth amended complaint.

**I. Background**

On January 28, 2022, the undersigned directed Plaintiff to amend his third amended complaint because: (1) Plaintiff had failed to state a claim against Defendants in their official capacities; (2) Plaintiff had failed to state a claim against

Ramos in his individual capacity for conduct that occurred during Plaintiff's first period of incarceration[1]; and (3) Plaintiff's third amended complaint was a so-called "shotgun" pleading.[2] Doc. 34.

On May 30, 2022, Plaintiff submitted his fourth amended complaint. Doc. 40 at 9. The entirety of Plaintiff's fourth amended complaint states:

> I, Joseph Baker, being of sound mind, am writing to inform the court that the statements provided are true and correct. I don't have exact dates and times of the incidents. I do know I was not given proper medical attention. Ofc. Ramos was the officer in charge of the jail at the time and Sheriff Kimbrel is and was Sheriff over ofc. Ramos, so I feel both Plaintiffs are guilty of neglect. I also feel that just because I was an inmate my medical needs was neglected and my health since has declined. I am asking for compensation because of my delayed medical treatment in the Calhoun County Jail, has caused me to be unable to work. I cannot provide dates I don't have. I just know my time in Calhoun County, I was not provided with adequate medical care for health. I am enclosing a statement provided by the Dept. of Corrections.

*Id.* at 5 (errors in original).

---

[1] Plaintiff was a pretrial detainee housed at Calhoun County Jail from March 2017 through June 2017 ("First Incarceration") and February 2018 through October 2018 ("Second Incarceration"). Doc. 16 at 4.

[2] The United States Court of Appeals for the Eleventh Circuit has instructed courts to strike so-called "shotgun" complaints and require plaintiffs to replead. *Vibe Micro, Inc., v. Shabanets*, 878 F.3d 1291, 1295 ("[E]ven if the parties do not request it, the district court 'should strike the complaint and instruct counsel to replead the case.'") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001)).

## II. STANDARD

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2019). Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than the mere possibility that the defendant acted

unlawfully. *Id.* That is, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Because an inmate "must rely on prison authorities to treat his medical needs," prison officials must provide medical care for inmates, and failure to do so may violate the Eighth or Fourteenth Amendments.[3] *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A "prison official's 'deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *Estelle*, 429 U.S. at 104 (quotation marks and citations omitted)). But "not every claim by a prisoner that he has not received adequate medical treatment" asserts a Fourteenth Amendment violation. *Id.* (citation omitted).

"A prisoner bringing a deliberate-indifference claim has a steep hill to climb." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). To state a claim of deliberate indifference to a serious medical need, a plaintiff must plausibly allege that:

---

[3] The Fourteenth Amendment protects state pretrial detainees. *See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1115 (11th Cir. 2005). But the standard for medical care is the same under the Eighth Amendment and the Fourteenth Amendment. *Tittle v. Jefferson Cnty. Comm'n*, 10 F.3d 1535, 1539 (11th Cir. 1994).

(1) he had a serious medical need;

(2) the defendant was deliberately indifferent to that need; and

(3) there is a causal connection between the defendant's act or omission and the constitutional deprivation.

*Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009); *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 625 (11th Cir. 2007).

A.   **Plaintiff's Fourth Amended Complaint Fails to State a Claim for Relief**

Plaintiff's fourth amended complaint does not contain sufficient factual allegations to state any of the essential elements of a Fourteenth Amendment claim of deliberate indifference to a serious medical need. Doc. 40 at 5.

1.   *Failure to Allege the Existence of a Serious Medical Need*

First, Plaintiff fails to allege that he suffered a serious medical need. *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)); *Keohane*, 952 F.3d at 1266. In either of those cases, the medical need is serious if it is "one that, if left unattended, 'pos[es] a substantial risk of harm.'" *Farrow*, 320 F.3d at 1243 (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)); *Keohane*, 952 F.3d at 1266.

Plaintiff's fourth amended complaint is conclusory and states only that he was not "given proper medical attention" and that his "health has since declined." Doc. 40 at 5. These statements do not indicate that Plaintiff had a serious medical need.[4] Because Plaintiff failed to allege an essential element of his claim, for this reason alone the District Court should dismiss this case. *See Leonard v. Dep't of Corr. Fla.*, 232 F. App'x 892, 895 (11th Cir. 2007) (affirming district court's dismissal of complaint that made "some conclusory references to the defendants' 'deliberate indifference to serious medical needs'" without alleging facts to support the claim).

### 2. *Failure to Allege the Mental State of Deliberate Indifference*

Second, Plaintiff's fourth amended complaint does not plausibly suggest that Defendants acted with deliberate indifference to any medical need Plaintiff may have had. Doc. 40 at 5. "Deliberate indifference is *not* a constitutionalized version of common-law negligence." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (citation omitted); *Farrow*, 320 F.3d at 1245 (noting that deliberate indifference is a higher standard than simple negligence). A defendant

---

[4] Plaintiff's third amended complaint alleged that he suffered from diabetes, high blood pressure, and arthritis. Doc. 16. In an order that struck and instructed Plaintiff to amend his third amended complaint, the undersigned explained to Plaintiff that he could "not rely on a former complaint to meet the Rule 8 standard" and warned Plaintiff that any amended complaint "must contain all of the allegations he would like to present, because once an amended complaint is filed, all earlier complaints and filings are disregarded and matters not set forth in the amended complaint are deemed to have been abandoned." Doc. 34 at 8 n.2, 16. Therefore, the undersigned does not consider allegations contained Plaintiff's prior complaints.

was deliberately indifferent to a serious medical need only if he: (1) had "subjective knowledge of a risk of serious harm," (2) disregarded that risk, and (3) acted in a manner "more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004)); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013).

Deliberate indifference "is the equivalent of recklessly disregarding a substantial risk of serious harm." *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (quotation marks omitted); *Nam Dang v. Sheriff, Seminole Cnty.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (noting that the official must know "that an inmate is in serious need of medical care" and fail or refuse "to obtain medical treatment for the inmate"). Such reckless disregard includes "(1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Bingham*, 654 F.3d at 1176 (citing *Brown*, 387 F.3d at 1351).

Regarding deliberate indifference, Plaintiff's fourth amended complaint contains a conclusory allegation devoid of supporting factual detail:

> I was not given proper medical attention. Ofc. Ramos was the officer in charge of the jail at the time and Sheriff Kimbrel is and was Sheriff over ofc. Ramos, so I feel both Plaintiffs are guilty of neglect. I also feel that just because I was an inmate my medical needs was neglected.

Doc. 40 at 5 (errors in original). At best, Plaintiff has alleged that Defendants were negligent. He has not sufficiently alleged deliberate indifference. For this reason, as well, Plaintiff has failed to state a claim upon which relief can be granted.

**B.      Allegations Against Kimbrel as a Supervisor**

Additionally, to the extent Plaintiff seeks to hold Sheriff Kimbrel liable because Kimbrel was the "Sheriff over ofc. Ramos," this is an insufficient basis to hold a supervisor liable under section 1983.

Section 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or *respondeat superior*. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)); *see also Hardin v. Hayes*, 957 F.2d 845, 849 (11th Cir. 1992). "However, supervisors are liable under § 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation.'" *Keating*, 598 F.3d at 762 (quoting *Gonzales v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)).

"A causal connection can be established by, *inter alia*, 'facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (quoting *Gonzalez*, 325 F.3d at 1235). When a plaintiff attempts to establish a

causal connection by showing a "history of widespread abuse" such that "the responsible supervisor [was] on notice of the need to correct the alleged deprivation, and [failed] to so," the deprivations must be "obvious, flagrant, and rampant and of continued duration." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is *extremely rigorous*." *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1266 (11th Cir. 2010) (emphasis added).

Plaintiff's sole allegation as to Sheriff Kimbrel is that he was the "Sheriff over ofc. Ramos." This plainly does not meet the rigorous standard necessary to hold a supervisory official liable. For this reason as well, the District Court should dismiss Plaintiff's claim against Sheriff Kimbrel.

C.     **Failure to State an Official-Capacity Claim**

Plaintiff does not indicate whether he is suing Defendants in their official or individual capacities.[5] Due to Plaintiff's *pro se* status, the undersigned construes

---

[5] The undersigned ordered Plaintiff to clarify whether he was suing Defendants in their individual or official capacities. Doc. 34 at 7-8. Plaintiff violated that order. Plaintiff's violation of the undersigned's order is yet another reason to dismiss his claims. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

Plaintiff's fourth amended complaint liberally and assumes that he is suing Defendants in both their individual and official capacities.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, "an official capacity suit against a government official is generally treated as a suit against the underlying governmental entity." *Scott v. Taylor*, 405 F.3d 1251, 1254 (11th Cir. 2005) (citing *Graham*, 473 U.S. at 165-67).

"A governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation . . .; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citations omitted). In other words, to establish liability in the official capacity, a plaintiff must show that: (1) his constitutional rights were violated; (2) there was a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *Monell*, 436 U.S. at 694-695; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Plaintiff does not allege that a Calhoun County Jail custom or policy caused the alleged constitutional violations. Accordingly, he has failed to allege an essential element of an official-capacity claim. To the extent Plaintiff is attempting to raise

such a claim, therefore, the District Court should dismiss that claim for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted, **DISMISS** with prejudice Plaintiff's Fourteenth Amendment claims against Defendants Glenn Kimbrel and Trevor Ramos.

2. order the clerk of the court to terminate all pending motions and close this case.

At Pensacola, Florida, this <u>9th</u> day of June, 2022.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations**

**contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**